# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# SOUTH BEND DIVISION

| | | |
|---|---|---|
| TIMOTHY J. GAINES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | NO. 3:12-CV-492 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

Timothy J. Gaines, a *pro se* prisoner, filed a habeas petition challenging a prison disciplinary proceeding. (DE 1). For the reasons set forth below, the petition (DE 1) is **DENIED**.

BACKGROUND

On May 29, 2012, Gaines was found guilty of failing to provide a urine sample under cause number ISP # 12-05-0241. The charge was initiated on May 21, 2012, when Corrections Officer W. Parnell wrote a conduct report stating as follows:

> On 5-21-12 at approximately 135 pm I Officer W. Parnell instructed offender Timothy Gaines #983-65 to provide me with a urine sample for testing. 8 ounces of water was offered to the offender which was taken to help provide a sample. At approximately 338pm over 2 hours later offender Gaines still had not provided the required urinalysis specimen.

(DE 8-1.)

On May 22, 2012, Gaines was notified of the charge. (DE 8-2.) He pled not guilty and requested a lay advocate. (*Id.*) As physical

evidence, he requested "the cups that I pissed in," as well as his past drug tests which would show he "never had [a] dirty drop." (*Id.*) He also requested witness statements from Officer L. Hough, Officer J. Sikorski, Sergeant M. McDaniel, Officer Parnell, and Dr. Reinaldo Matias. (*Id.*) Statements were obtained from these witnesses prior to the hearing. Officers Hough and Sikorski both stated that they were not present at the time of this incident. (DE 8-3, DE 8-4.) Dr. Matias stated that he had nothing to say about the incident. (DE 8-6.) Officer Parnell stated, "Conduct report stands as written." (DE 8-7.) Sergeant McDaniel provided the following statement:

> On May 21, 2012, Sgt. McDaniel assisted in escorting Gaines #983065 to the restroom of MSU for a urinalysis. On two separate attempts, Gaines urinated in the specimen cup, but not enough to satisfy the requirements of the test. He was told by Ofc. Parnell both times that it was not enough and to dump the inadequate amount of urine in the toilet.[1]

(DE 8-5.)

On May 29, 2012, a hearing was held on the charge. (DE 8-11.) In his defense, Gaines made the following statement: "I pissed 3 times. Sgt. McDaniels [sic] witnessed 2 of those tests. I didn't refuse." (*Id.*) The hearing officer denied Gaines's request for the

---

[1] Indiana Department of Correction ("IDOC") policy provides in relevant part: "If the offender fails to provide an adequate sample on the initial attempt, staff shall empty the sample and keep the offender confined. Within the original 2 hour time frame, staff shall give the offender a new specimen bottle and directly supervise the offender when he/she indicates the ability to again attempt to provide a specimen." IDOC Manual of Policies and Procedures, No. 01-02-107, Sec. X(E)(I). This is intended to reduce the risk of diluted or adulterated samples. *Id.*

2

urinalysis cups, as they had been disposed of. (*Id.*) She further denied the request for his past drug tests, finding them irrelevant to the issue of whether he failed to give an adequate urine sample on the date in question. (*Id.*) Upon considering the witness statements and Gaines's statement, the hearing officer found him guilty. (*Id.*) As a result Gaines lost 30 days of earned time credits. (*Id.*) His administrative appeals were denied. (DE 8-12, DE 8-13.) Thereafter, he filed this petition.

DISCUSSION

When prisoners lose earned time credits in a disciplinary proceeding, the Fourteenth Amendment Due Process Clause guarantees them certain procedural protections: (1) advance written notice of the charge; (2) an opportunity to be heard before an impartial decision-maker; (3) an opportunity to call witnesses and present documentary evidence when consistent with institutional safety and correctional goals; and (4) a written statement by the fact-finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539 (1974). To satisfy due process, there must also be "some evidence" in the record to support the hearing officer's determination. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Gaines first claims he was denied the right to an impartial decision-maker. In the prison disciplinary context, adjudicators

3

are "entitled to a presumption of honesty and integrity," and "the constitutional standard for improper bias is high." *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Due process prohibits a prison official who was personally and substantially involved in the underlying incident from acting as a decision-maker in the case. *Id.* However, due process is not violated simply because the hearing officer knew the inmate, presided over a prior disciplinary case, or had some limited involvement in the event underlying the charge. *Id.*

Here, Gaines does not elaborate on why he believes the hearing officer was biased, but there is no indication that she was involved in any way in the events underlying the charge. He appears to believe that the hearing officer violated a number of internal prison policies in connection with her handling of the case, but even if this is true, it would not provide a basis for granting federal habeas relief. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (federal habeas relief cannot be granted for violations of state law); *Hester v. McBride*, 966 F. Supp. 765, 774-75 (N.D. Ind. 1997) (claim premised on violation of prison policy was not cognizable in federal habeas proceeding). Nor do her adverse rulings establish impermissible bias. *Liteky v. United States*, 510 U.S. 540, 555–56 (1994). Thus, Gaines has failed to establish a violation of his federal due process rights.

Gaines also claims that the hearing officer's written decision was inadequate. The written statement requirement is "not onerous," and to satisfy due process "[t]he statement need only illuminate the evidentiary basis and reasoning behind the decision." *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). Here, the hearing officer stated that in reaching her decision she considered witness statements and Gaines's statement. (DE 8-11.) She found Gaines guilty, stating, "I believe the conduct report to be clear and concise. Statement from Sgt. McDaniel supports the conduct report. Therefore I'm finding Off. Gaines guilty." (*Id.*) Although her statement was not lengthy, it adequately identified the evidence relied on and her reasoning, specifically, that the evidence (including the statement from Gaines's own witness, Sergeant McDaniel) showed that Gaines did not provide the requisite amount of urine to be tested, despite being given two hours to provide an adequate sample. The written statement the hearing officer provided satisfied the minimal requirements of due process, and therefore this claim is denied.

Gaines next claims that the evidence was insufficient to support the guilty finding. In reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision

to revoke good time credits has some factual basis." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). "[T]he relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56 (emphasis added). The court will overturn a guilty finding only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

Here, Gaines was found guilty of failing to give an adequate urine sample. There is some evidence in the record to support the guilty finding, including the conduct report and the witness statement from Sergeant McDaniel. *See Hill*, 472 U.S. at 457; *see also Moffat v. Broyles*, 288 F.3d 978, 988 (7th Cir. 2002) (witness statements constituted some evidence); *McPherson*, 188 F.3d at 786 (conduct report provided some evidence to support disciplinary determination). Gaines appears to argue that there was insufficient evidence that he willfully refused to be tested, but this was not the basis of the charge. Rather, he was charged with failing to give an adequate sample, and the evidence on this point is more than sufficient.[2] Gaines clearly disagrees with the result the

---

[2] IDOC policy provides that inmates will be disciplined if they refuse to be tested, or if they fail to provide an adequate sample within the allotted time period. IDOC Manual of Policies and Procedures, No. 01-02-107, Sec. II. Under the policy, prison staff have discretion, but are not required, to permit the inmate more time to provide a sample if they feel the circumstances warrant it. *Id.*, Sec. X(E).

6

hearing officer reached, but it is not the role of this court to reweigh the evidence and make its own determination of guilt or innocence. *McPherson*, 188 F.3d at 786. The sole question is whether there is some evidence to support the hearing officer's determination and this standard is satisfied.

Gaines appears to raise another claim in his traverse pertaining to the sanctions that were imposed. A traverse is not the appropriate place to raise a new claim not contained in the petition. See RULE 2(C)(1) OF THE RULES GOVERNING SECTION 2254 CASES (providing that all grounds for relief must be contained in the petition). In any event, his claim is premised on alleged violations of prison policy, and as stated above, a violation of prison policy does not provide grounds for granting federal habeas relief. *Estelle*, 502 U.S. at 67-68; *Hester*, 966 F. Supp. at 774-75.

CONCLUSION

For the reasons set forth above, the petition (DE 1) is **DENIED**.

**DATED: August 19, 2013**        /s/RUDY LOZANO, Judge
                                   **United States District Court**

7